May it please the Court. Good morning. My name is Evan Davis. I represent Mr. Moses Libitzky, who is at council table. His wife couldn't make it today. I would like to reserve two minutes, if possible, for rebuttal. Thank you. The Court's faced with two issues. The first is, did the Libitzkys meet the low bar necessary to show sufficient notice for an informal claim, when they later perfected that claim with a formal refund, a formal return? And the second question was, is, was the District Court correct in that the look-back period is three and a half years, not two years, as the government suggests? Regarding the first issue Actually, could you address that second issue first, the whether the three, three and a half year period applies or the two year period applies? Certainly, Your Honor. Our view is that the plain language of Section 6511, if you just start with 6511A, it asks a binary question. Was the return filed, yes or no? And Omohundro makes clear it doesn't matter when the return is filed. Once that box is checked, you move to 6511B. Before you get to 6511B, for 6511A, are you relying on the formal claim, which was filed in, I think, January 2016, or are you relying on the informal notice claim that was filed sometime in 2015? We're relying on the fact that a return was filed, which was considered the formal claim. So that's January of 2016. Okay. Thank you. But as noted in a number of cases, including Dixon, which the government cites, as well as American Radiator and Memphis Cotton, the Supreme Court case, those, the informal claim and the formal claim are inextricably intertwined. Basically, the informal claim, the formal claim relates back to the informal claim. Right, but I mean, if the return is filed in January of 2016, then you would say you have a three and a half year look back from that date? No. The look back is in 6511B. Right. 6511B talks about the claim. You look back from the claim. The cases, a variety of cases that we've cited, including Kales, is talking about the claim, including both the informal claim and the later formal claim. Right. So this is, I think, where the hinge is in this argument, because it seems that what you want to say is, we're working for the, for when the statute of limitations begins to run, we're working off the formal claim, the one that was made in January 20th, 2016. Is that right? Which statute of limitations are you talking about? The three year. It was satisfied on day one, basically, because the claim was made at the same time. Right. So it asks the question of the specific language in 6511A is that the period for filing a claim for refund is within three years from the time the return was filed. So the return itself was a combination return and claim for refund, as was the informal claim. It's all bound up together, and the three cases I mentioned earlier make that clear, that Memphis Cotton, in particular, talks about how they are singular, they cannot be divided. The Supreme Court has spoken on that. So the government's argument is, basically, you have to divide the two, the informal and the formal claim, for purposes of 6511, and I think Memphis Cotton says you can't do that. Dixon says it's a relation back, citing Memphis Cotton. So our position is, you just ask the question, was a return filed? Was the claim, which was part of the return, was that filed, basically? And the informal portion of the claim, in essence, is the anchor for purposes of 6511B, through the relation back. So following your interpretation of the statute, what kind of situation would apply to the two year limitation period? Well, if no return is ever filed. Ever. Correct. And Omohundro. Be corrected at any time later, and you would then dissolve the two year limitations period entirely? Well, Omohundro talks about how, in essence, it looks like the two year versus three year period could be, I forget the exact word, but basically, it may not have a lot of teeth, but it relies on the fact that there is a three or three and a half year look back period, and that's what preserves the staleness concern. I mean, that underlies the whole principle of why the informal claim exists and why there are standards for the informal claim. But what is satisfying, in your view, what is satisfying the statute limitations under A in this case? Is it the filing of the formal claim after the return is filed, or essentially simultaneously with the return? Which portion of the statute is the court addressing in terms of the timing? I'm talking about the three year period, right, which talks about a claim for credit or refund and goes on to then say it runs from three years from the time the return was filed. So you have three years from the time the return was filed. The return was filed in August, excuse me, in January 20, 2016. So what act after January 20, 2016, constituted the filing of the claim? So the claim is in the return. Right. The return on its face says he's entitled, or the Libitskis are entitled to the money back. As indicated, it is asking the question, did you file a return? Alejandro says it doesn't matter when it's filed. You get the three year period. Usually the return itself is the thing that asks for money back, but they had already asked for money back starting earlier in 2015, which was the informal claim. The informal-informal merge, as said, as I mentioned in the three cases, for those purposes, it's all part of the same thing. So the cases repeatedly say that, in essence, the informal claim is an anchor, and whatever happens after that is merged into, for purposes of evaluating the informal claim, is merged into the informal claim. So I have about two and a half minutes left. I'm happy to answer all the Court's questions on this. I don't know if I understood your answer to Judge Tonheim's question of, when would the two-year look-back period apply? I mean, you said it could be when they don't file any tax return, but if you look at 6511B, it doesn't use that language. It says that the claim was not filed within such a three-year period, so it contemplates something being filed later. So maybe your answer, I just didn't catch or fully understand that. So the claim filing limitation in 6511A, keeping aside the look-back period, which also could be two or three years and, therefore, it could be confusing. So the two-year period could apply either two years from the time the tax was paid, even if the return was filed, if that is a later period. So, for example, if a tax return is filed and then there is a later payment on it, and that ends up being later than the three-year expiration, that's when that two-year period would apply. Or, alternatively, a two-year period applies if no return was ever filed. And Omohundro says it doesn't matter when the return is filed, it's the act of filing the return that gets you the three years. So it seems to me that you're arguing for what technically, in this case, would be a seven-year limitations period, or six years, depending on where it starts, because the tax was paid in 2012, I believe, and then if the claim was filed in 2016 and then you have three years more after that to claim the refund, isn't that a six- or seven-year statute of limitations? No. So the two statute of limitations are the first one is about was the claim filed within either the two- or three-year period. That is the informal claim, but there was a return which gets you the three years. So that's three years for filing. The return itself was a claim for refund, as we indicated, but there was also an informal claim for refund. So that gets you, in theory, if you file a return six years later, et cetera, Omohundro says you have three years from the time of the return. I understand that concern. But the saving issue in terms of actually getting any money back is was there a claim of some type, an informal or informal claim within the three-year period given that a return was filed? So there's no seven-year concern. There are a bunch of cases as well that point out that there are limitations. If the audit is done, if you file in tax court, if you file in district court, if it's disallowed, if the claim is disallowed, all of those things stop the clock running. But if they don't, if you have a timely informal claim measured by the fact of did you file a return before any of those other events happened, tax court, rejection, end of the audit, et cetera, the fact of that filing gives you three years just based on the plain language of the statute. What is the date where you think – what is the starting point for the look-back under the three-and-a-half-year look-back in your view? Because I take it it's not going to be January 20th, 2016, because if you look back, there was no tax paid within that three-and-a-half-year period. So you want that date to be earlier? I want it to be the date of the informal claim. Okay. So what date is that? I believe the last contact with the IRS would have been in September of 2015. So that would have – I don't think that there's any evidence past September of 2015, which is in three-and-a-half years because of the extension of the date. So it's not three, it's three-and-a-half years. Has any case dealt with this puzzle that we're dealing with here? Not directly. I mean, both sides are arguing. How about indirectly? Well, Omohundro talks about the first issue of it doesn't matter when you file the return. You have three years from that point to make a claim. So that's helpful, but it doesn't directly answer the question. And then the other cases that talk about how you, in essence, relate back, that you merge them in the same way that an amended complaint merges into the original complaint, was the analogy in Dixon. Those would suggest that it's all of a piece, and the anchor period is when the informal claim was filed, because otherwise you're sort of blowing up the concept of an informal claim if you start slicing and dicing it. The idea is it happened, and then events after, including filing the return, but also could be providing other evidence to the IRS, all of that comes into and relates back to the original return. And Miller would suggest, I know the parties disagree on this, but Miller, that was overruled by Omohundro, talked about let's measure the date as of two years. Was a return filed as of two years? If not, you're out of luck. You don't get the three-year period. So if you add the fact that Miller tried something similar but not identical, it was overruled. If I could interrupt. Yes, Your Honor. So you're trying to use for 6511A, you're using the January 2016 date, but for 6511B, you're using the September 2015 informal date. We agreed that that was the date of the filing of the return. We're not agreeing that the date even matters. Omohundro says that the date doesn't matter in terms of the fact that you file a return is the important thing. That's what I take at least. That didn't address 6511B. Look back at that case. Correct. It was just 6511A. And one of the cases, I wish I could call it up in my memory, talked about how the statute is not a model of clarity. It's basically difficult to interpret and understand. But our view is if you just start with 6511A, you check the box, it says basically in 6511B, if you satisfied 6511A, then it's a three-and-a-half-year look-back period with an extension. So our view is it's just plain language. I recognize the government's argument that, well, you need to determine it based on the date of the informal return. I understand that. I don't think any case has said anything like that. Great. Thank you. I know we took you over time, so you can get two minutes for rebuttal. Thank you, Your Honor. May it please the Court. Julia Vetta for the United States. Section 6511A does not set a statute of limitations of two years unless and until a return is filed. It says that a claim shall be filed either within three years of a return or if no return was filed by the taxpayer within two years from the time the tax was paid. You have to measure that starting from the time the tax was paid, regardless of when the return was ultimately filed. Omahandro stands for the proposition that an untimely filed return can still state a timely claim for refund on its face. And then that claim is governed by the three-year period of limitations going forward. And that's an important context to keep in mind. The statute of limitations runs starting from the claim. The look-back period has to reach back from the claim and is how your recovery is cabined. So what happened here was that there was no return filed. As the Supreme Court understands, no return filed in the Lundy case, which I believe responds to your question earlier of the case that looked into the meanings of these, let's be honest, not model of clarity provisions. Lundy said where a return is not yet filed, that is the equivalent of where no return is filed under this statute, because you're looking at the moment when the claim is filed. Has a return been filed yet? And if it hasn't been filed yet, it has not been filed within the meaning of 6511. Here, there was no return filed, and there was no claim filed until January of 2016. As Your Honor has noted, that return on its face stated a claim to recover an overpayment of tax that under Omohundro was a timely filed refund claim with respect to the January 20th return. So that would comply with the three-year period running forward from January 16th, as Your Honor has noted. It could not recover the payment of tax at issue here, which was deemed made in April of 2012, because the three-and-a-half year or the two-year look-back period, either way, measured from 2016, doesn't reach back that far. And that's why taxpayers are trying to construct an informal claim out of bits and pieces of ambiguous communications with the IRS over the course of several years, which we now, after trial, have factual findings that these communications did not amount to notice to the IRS sufficient to state an actual claim for refund. Assume for a moment that the informal claim, what is acceptable as a claim made sometime in 2015, what happens then? Don't we still have the two-year look-back problem that they have to deal with? They say it's three-and-a-half years, but isn't it two years? It is two years. That's correct, Your Honor. And under the two-year period, any informal claim that ripens in 2015 is nonetheless time-barred. They must make the claim within two years of the payment of tax under 6511A. And the only communications with the IRS within that two-year period were two requests for an extension of a filing deadline. Those on their face stated conjectures of what taxpayers' estimated credits and liabilities on their account might be, but those are not sworn statements. Those are not signed. The IRS did not take that data and interpret it in any way to give rise to a claim. They processed those forms automatically and said, These are extension requests. We will give you the extension. And the district court so held that these were not claims in any fashion. And that's all there is within the two-year period. So there is no claim, formal or informal, stated within the two-year period which we submit governs. And the court can affirm on that basis. However, at trial- Can you manufacture a three-and-a-half-year limitations or look-back period by filing a claim later? We submit you cannot. We submit you cannot restart or reopen a statute of limitations that will then reach all the way back to the date that the tax was paid. You can start a claim for a new claim if you actually do amend a return, let's say. You've filed a return. Your regular three-year period runs. You later learn you misreported something. You file an amended claim. You can then benefit from the extended look-back period because you did file a return to begin with. But you can only recover the tax paid within that look-back period. The moving finger rights and having writ, you can only get back what's within the kind of penumbra of when your claim is filed. The district court assumed that three-and-a-half-year period applied, and apparently government really didn't contest that. Respectfully, Your Honor, on summary judgment, we advanced the argument that the two-year period- It was in the statement of findings of fact, but it wasn't- I mean, if you have a jurisdictional issue, I think maybe it's ultimately it doesn't matter, but it wasn't raised by the government expressly. Why wasn't that raised? We raised it in our brief on summary judgment, and the court summarily rejected it. The argument was preserved at the summary judgment phase, but it was decided adversely to the government, and we proceeded to trial. So the district court, I think district court said all the parties agree that three-and-a-half periods, you're saying district court was wrong in that? The district court made that statement, and we did not agree with it. But we were not-we could not have relitigated the legal issue decided adversely to us on summary judgment at trial. A denial of summary judgment is interlocutory. We could not have taken an interlocutory appeal from it. We went to trial instead. The right to contest that legal determination in here is here today, and we do so. We say the two-year period necessarily applied from the beginning. We did not concede otherwise. Can you go to the notice issue? Why wasn't there sufficient notice to IRS in 2015? There are multiple correspondence between the Levitskys and IRS, and their CPA says we want to use a 2011 tax credit, and you have notes, internal notes from the IRS saying taxpayer wants to use 2011 tax credits. I mean, why isn't there enough notice? Respectfully, Your Honor, what we have are readouts of conversations, so IRS employees are writing down what they've been told. It's not their knowledge. It's what taxpayers are communicating to them, and the taxpayers did not- But isn't that notice? I mean, this isn't a particularly complex issue here. It's we want to use the overpayment we paid in 2011, move it forward. That's pretty straightforward, and it's been on notice. It's in the internal notes of the IRS file saying they understood it. It would be straightforward, Your Honor, if there had been an overpayment from 2011 of record that the IRS employees who took those notes could have looked at and seen. But you're starting from a premise that there was a floor from which you could measure an overpayment. Had there been a return filed, had there been a determination of tax beforehand, then the IRS employees could have looked into 2011 as soon as that year was mentioned. And, by the way, the correspondences in 2015 regarded tax year 2012. 2011 was mentioned only peripherally and never unambiguously as a source of funds not commingled in some way with 2012 overpayments and credits. The IRS was never certain which was which, how much, if any, actually came from 2011. Taxpayers speculated that some must, and at every point when they said, we think we have an overpayment from 2011, the IRS said, please file a return and we can make that determination. But doesn't that mean they have notice? They don't have to have enough to resolve it on the merits. I mean, the IRS would never accept the assertions of the taxpayer, but they're on notice of what the issue is. And, again, this isn't a really complex issue. I mean, this is maybe they'll figure out later, but they've been put on notice of what the issue is. And the informal claim doctrine is something about notice of government is aware that this is the argument they will advance later. Respectfully, Your Honor, the communications between taxpayers' representative and the IRS in 2015 did not put the IRS on notice. And the district court so held and explained in detail why each of those separate communications and even all of them taken in the aggregate did not meet the irreducible minimum elements of an informal claim. You did not have notice that taxpayers were seeking an overpayment of a 2011 tax communicated in any of their 2012 filings. At best, there was a speculation that there may have been, possibly, to be determined some overpayment of tax in 2011 that would influence the application of payments to liability in 2012. On your whole theory, I mean, this is all sort of irrelevant because your view is that this all comes too late after the two-year period, so that's out. And then for the three-year period, essentially, it's not relevant either because that's triggered by the formal claim. I think that's a fair framing. The two-year period ran from the payment of tax, and we submit that there was no informal claim made during that time. If you are measuring a look-back period from the filing of the formal claim rather than the forward-running limitations period, then arguably had a claim been stated in 2015 to which that filing could relate back, then that would be potentially the taxpayer's position. Let's follow up on that because I had thought your argument was that once the claim was once a return was filed, all we're talking about at that point is the claim that's associated with the return. It seems that you're agreeing that it could also include the informal claim at that point. On this record, it could not. But as a legal matter, could it? A good informal claim, as has been noted, collapses into the formal claim. But a good informal claim reaches a higher level than the factual showing here. It actually complies with the statutory directive that the claim be filed. Okay, but just to be clear here, if there had been a good informal claim in September 2015, let's just imagine that that happened. You disagree, but let's pretend it did. How does the three-and-a-half-year look-back period run? Does it run from the date of the earlier informal claim? Yes, because then the filing of the later untimely formal claim is viewed as a curative to the deficiencies of the original filed but deficient informal claim. And here there was nothing that was filed. Okay, but so to resolve this issue of the three-year statute of limitations and the three-and-a-half-year look-back, your position is we do need to decide whether what happened in 2015 was a sufficient informal claim? We do not suggest that, Your Honor. We suggest that under the two-year limitations period, nothing that happened in 2015 is relevant. I get that, but how about for the three-year? If this Court finds that the three-year period started running as of the — we return to the findings of the District Court of Trial, which is that there was nothing prior to January 2016 that could have triggered the look-back period or any forward-looking period of limitations. And this Court can affirm on either basis. Great. Thank you very much. Thank you. So, first, the Court's factual findings that were just discussed, those are entitled to de novo review. That's not a factual finding. That's applying the facts, applying the law to the facts. The 4868, the basically extension for 2012, had the same number in that was in the 2012 tax return. So I know that the District Court disagreed, but that could be a basis. I do want to talk about this two-year period. The argument I just heard is exactly what was rejected in Miller. The government keeps saying, let's look at two years. If it wasn't filed by then, tough luck. That's exactly what was rejected in Omohundro when it overruled Miller. I would like to get back to the sufficiency of the evidence of informal claim. The District Court below repeatedly cited cases that are not applicable here because they're waiver cases primarily. Angeles Milling is the perfect example that the Court said you need to have directed the IRS's attention to it. Basically, you need to be able to determine the merits. So there are a whole bunch of quotes that the Court says, in essence, the Libitskis could not meet. But the Libitskis didn't even argue waiver. The second category is there are a bunch of cases where there was an informal claim never followed by a formal claim. Those cases are really not helpful either because, as you see in Kaffenberg and Kales, the fact of that later formal claim is critical to determining the validity and sufficiency of the informal claim. So citing all these cases, including the final case that the Court cited, the District Court said that this is basically the perfect example, fit them to a T. It doesn't fit them to a T at all. The only cases that matter are cases like Kaffenberg in determining whether it was sufficient. And those cases, if you just compare what happened here to what happened in the cases that we've cited, we absolutely cross the finish line. Thank you, Your Honor. One question, follow-up question. Did Omohundro really overrule that particular statement in Miller about the two-year period? I thought it just addressed the flawed reasoning of the Miller decision rather than upset the statement about the two-year statute of limitations when a return is not filed. My understanding of Omohundro is it said you do not stop the clock and make a determination of the two-year period. I believe that that's what they were saying Miller was wrong about. I don't know if there's a particular language that the Court's looking at, but that's how I understand Omohundro examining Miller. Thank you both for the helpful argument. The case has been submitted. Thank you, Your Honor.
judges: LEE, BRESS, Tunheim